EVERETT SATTERFIELD, APPELLANT, v. JOHN MALLORY,
APPELLEE.

39 N. W. 2d 537

Filed November 10, 1949.   No. 32641.

*T. F. Nolan,* for appellant.

*Evans & Lee,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE,
YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

The plaintiff and appellant instituted this action
against the defendant and appellee on an alleged contract
whereby it is claimed that the defendant agreed to pay
plaintiff for use and damage to certain lands held by him
under an assignment of a school land lease from the Board
of Educational Lands and Funds of the State of Nebraska.
The amount to be paid was five cents a yard for all
gravel removed from the river which ran through the
land.   The claim was that 8,000 yards had been removed
and that plaintiff was entitled to receive in payment $400;
that $100 had been paid by check thereby leaving due
and owing the amount of $300.

The defendant by his pleadings and evidence admitted
the entry into a contractual arrangement but he denied
that the contract was for payment for use and damage.
His contention is that the contract was for the purchase
of gravel for five cents a yard which contract was invalid
for the reason that plaintiff did not have a lease of
mineral rights and had no right to sell the gravel, a fact
which was unknown to defendant at the time the contract

was entered into. Defendant admitted the giving of a check for $100 as part payment on the contract. His further contention is that after ascertaining that plaintiff did not have a lease of mineral rights he, the defendant, obtained a lease thereof and paid the Board of Educational Lands and Funds a royalty of five cents a yard for all gravel removed. The amount removed was 6,620 yards and the total amount paid was $331.

For the alleged payment of $100 to plaintiff the defendant filed a counterclaim.

The action was tried to a jury. The jury found against the plaintiff and returned a verdict in favor of the defendant on his counterclaim for $100. Judgment was entered on the verdict. From the judgment the plaintiff has appealed.

The assignments of error are that the court erred in giving instructions Nos. 5 and 6 and in overruling the motion for a new trial.

For reasons which will become apparent a discussion of the instructions is not essential to the determination upon this appeal.

The propriety of the verdict and judgment on plaintiff's alleged cause of action is not raised by appellant by assignments of error, propositions of law, or argument. The only question argued is the propriety of the judgment in favor of defendant on the counterclaim for $100.

While in his petition plaintiff pleaded that he had received payment of $100 by check the evidence of both parties is conclusive that he did not. The check was received but it never was cashed or even presented for payment. This was well known and was disclosed at the trial. It appears as an exhibit in the bill of exceptions in this case. A tenable theory upon which to base a conclusion under the known facts and circumstances that the giving of this check amounted to the payment of $100 is not advanced in the briefs.

On the facts the issue should have been withdrawn from the jury on a motion for that purpose. No such

motion however having been made it becomes necessary to reverse and remand the case as to the judgment on the counterclaim and to otherwise affirm it.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.